**WO**

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Terry Payne, ) | |
| Plaintiff, ) | CV-08-1753-LOA |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This case arises on yet another request by the Commissioner to file an extension to file his answering brief to Plaintiff's opening brief, erroneously referred to as a motion for summary judgment. (docket # 23) The Commissioner represents that the Commissioner's lawyer "originally assigned to this case is out of the office on extended leave [and that] new counsel was out of the office for the first two weeks of September and was out again in October for illness and for work related travel." (*Id*. at 1) The Motion indicates it is unopposed by Plaintiff's counsel.

A review of the file indicates this federal action began over a year ago with the filing of Plaintiff's Complaint, appealing the final decision of the Commissioner of Social Security which denied Plaintiff's claim for benefits under Title II and Title XVI of the Social Security Act. (docket # 1) Despite the deadlines established in the October 10, 2008 Scheduling Order, there have been two extensions requested and granted, one to each side. (docket # 12, # 21) The Commissioner now seeks its second extension to file a response to Plaintiff's opening brief. (docket # 23)

Federal Rule of Civil Procedure 16(b)(1) authorizes that various "categories of

actions [may be] exempted by local rule" from the preparation of a Rule 26(f) report and scheduling conference. Rule 16(b)(1), FED.R.CIV.P. The District of Arizona's Local Rule (LRCiv) 16.2 implicitly exempts Social Security cases from Rule 16's case management requirements by establishing an expedited track for these particular cases. Instead, LRCiv 16.1 addresses the procedure to be followed in Social Security cases, mandating "the parties must observe the following briefing procedures, rather than filing motions/cross-motions for summary judgment:" a) within sixty (60) days after the answer is filed, Plaintiff must file an opening brief; b) Defendant must file an answering brief within thirty (30) days after service of Plaintiff's opening brief; and c) Plaintiff may file a reply brief within fifteen (15) days after service of Defendant's brief. LRCiv 16.1(a)-(c).

Local rules are "laws of the United States," *United States v. Hvass*, 355 U.S. 570, 575 (1958), "have the force of law[,] are binding upon the parties and upon the court, and a departure from local rules that affects substantial rights requires reversal." *Professional Programs Group v. Department of Commerce*, 29 F.3d 1349, 1353 (9th Cir. 1994) (internal quotation marks omitted).

The Civil Justice Reform Act of 1990 ("CJRA"), 28 U.S.C. § 471 *et seq.*, requires the early and on-going judicial management of the pretrial process. Under the CJRA mandate, "[f]ederal trial courts are now required, by statute, to implement techniques and strategies designed to dispose of cases in an efficient and inexpensive manner." See, *Schwarzkopf Technologies Corp. v. Ingersoll Cutting Tool Co.*, 142 F.R.D. 420, 423 (D. Del. 1992). Although there will be no trial in this Social Security appeal, federal judges "are subject to the injunction of Rule 1 [of the Federal Rules of Civil Procedure] that [these Rules] 'be construed to secure the just, *speedy* and inexpensive determination of every action.'" *Herbert v. Lando*, 441 U.S. 153, 177, (1979) (emphasis added). The parties' failure to timely comply with the Court's October 10, 2009 scheduling order and LRCiv 16.1(a)-(c) is frustrating the speedy resolution of this case.

The Court will reluctantly grant the Commissioner's motion. Counsel are forewarned that no further extensions will be granted in this case and counsel shall comply with this order and the time to file a Reply brief set forth in LRCiv 16.1(c).

**IT IS ORDERED** that the Commissioner's Unopposed Motion for Enlargement of Time Within Which to File a Response to Plaintiff's Motion for Summary Judgment (Second Request), docket #23, is **GRANTED**. The Commissioner shall file his answering brief on or before **November 13, 2009.** Absent good cause shown, the failure to timely comply with this briefing schedule may result in a summary adverse ruling on the motion or no consideration given by the Court to an untimely answering or reply brief.

**IT IS FURTHER ORDERED** that Commissioner's counsel shall use proper capitalization in all future captions as mandated by LRCiv 7.1(a)(3) or the Commissioner's answering brief (second notice) may be stricken.[1]

**IT IS FURTHER ORDERED** that counsel shall hereinafter comply with the Rules of Practice for the United States District Court for the District of Arizona, as amended on December 1, 2008. The District's Rules of Practice may be found on the District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/.

DATED this 16th day of October, 2009.

Lawrence O. Anderson
United States Magistrate Judge

---

[1] Commissioner's counsel is further informed that John J. Tuchi is no longer the United States Attorney for the District of Arizona. The new United States Attorney is Dennis K. Burke.